J-S22007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STANTON MCCREARY | |
| Appellant | No. 596 MDA 2015 |

Appeal from the Order Entered January 5, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-2521-2007

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED MARCH 11, 2016**

Appellant, Stanton McCreary, purports to appeal *pro se* from a January 5, 2015 order, entered in the Court of Common Pleas of York County. As there is no such order, nor does the certified record contain any other final order entered in this case, we quash this appeal.

Briefly, on March 25, 2011, Appellant pled guilty to two counts of stalking and one count of harassment,[1] for which the trial court imposed an aggregate sentence of five years' probation. On October 29, 2012, the trial court revoked Appellant's probation and imposed an aggregate sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709 and 2709.1, respectively.

two and one-half to five years' imprisonment. Appellant did not file a direct appeal with this Court.

Appellant filed a *pro se* PCRA petition on August 21, 2013. The PCRA court appointed counsel, who filed an amended petition on August 1, 2014. On August 15, 2014, the PCRA court entered an order notifying Appellant of its intention to dismiss his petition without a hearing under Pennsylvania Rule of Criminal Procedure 907, and gave Appellant 20 days to file a response. No such response was filed, nor did the PCRA court enter an order dismissing Appellant's petition. Instead, PCRA counsel filed a motion to withdraw as counsel, along with a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. The PCRA court entered an order granting counsel's motion on October 8, 2014; however, this order did not dismiss Appellant's PCRA petition. On January 12, 2015, Appellant purported to file a notice of appeal to this Court in the PCRA court from a January 5, 2015 order. That same day, the clerk of courts mailed a letter to Appellant explaining that no such order existed.[2]

_____

[2] It appears that Appellant was referencing a January 5, 2015 document, drafted by him, attached to his notice of appeal, alleging that he had not received any documents pertaining to the dismissal of his PCRA petition or the granting of PCRA counsel's motion to withdraw. Appellant's confusion may have stemmed from counsel's ***Turner***/***Finley*** letter, which erroneously suggested that such a final dismissal order existed by stating that Appellant "should probably request and [sic] extension to the Superior Court of

*(Footnote Continued Next Page)*

The letter also stated that his notice of appeal would be forwarded to this Court, although the certified record does not contain any evidence of the mailing. On February 10, 2015, Appellant filed a petition for review in this Court which was docketed at 9 MDM 2015. On April 6, 2015, this Court entered an order stating that said petition was granted "only to the extent that it shall be treated as a Notice of Appeal, filed in the trial court on January 12, 2015."[3] Superior Court Order, 9 MDM 2015, 4/6/15, at 1. Our order did not address whether this Court has appellate jurisdiction to entertain Appellant's appeal on its merits.

Pennsylvania Rule of Appellate Procedure 301(a) states that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a). This Court has explained that Rule 301(a) presents a jurisdictional issue, which is non-waivable, and may be raised by this Court *sua sponte*. **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 515 (Pa. Super. 1995) (*en banc*); **see also Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*)

_(Footnote Continued)_ _____

Pennsylvania to file any further documents on [his] behalf or by privately retained counsel." **Turner**/**Finley** Letter, 9/29/14, at 2.

[3] We note that since Appellant's petition for review was partially granted by this Court, prior PCRA counsel was reappointed, but then Appellant was permitted to proceed *pro se* following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

(plurality) (stating, "[w]e may raise issues concerning our appellate jurisdiction *sua sponte*[]").

Instantly, neither the certified record nor the PCRA court's docket contains a final order dismissing Appellant's PCRA petition. Rule 910 states that "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. As this Court recently explained, "[b]y its plain text, Rule 910 has no exceptions. It is absolute." **Gaines**, **supra**. The PCRA court's Rule 907 notice did not grant, deny, or dismiss any part of Appellant's petition, it only gave him notice that it would do so in the future and that he may file a response within 20 days if he wished to do so. PCRA Court Order, 8/15/14, at 2. As a result, it was not a final order. Furthermore, we have thoroughly reviewed the certified record and have found no subsequent final order dismissing Appellant's PCRA petition. Therefore, Rule 301(a) has not been satisfied in this case.

Based on the foregoing, we conclude that the certified record is devoid of a final order dismissing Appellant's PCRA petition, as one was never entered.[4] Accordingly, we conclude that we are without jurisdiction and quash this appeal.

---

[4] We note that Appellant may file a new notice of appeal within 30 days of the date on which the PCRA court enters its final order disposing of Appellant's PCRA petition.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016